**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 6, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

BRUCE G. JONES, JR.,

     Plaintiff - Appellee,

v.

JOHN CASTELLUCCI,

     Defendant - Appellant.

No. 14-8060
(D.C. No. 1:13-CV-00203-NDF)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

    John Castellucci appeals the district court's grant of summary judgment to

Bruce G. Jones, Jr. on (1) Jones' claim that Castellucci breached a settlement

agreement and (2) Castellucci's counterclaim for reformation of the agreement based

on mutual mistake.  Castellucci also appeals the district court's denial of his

post-judgment motion to reconsider.  Exercising jurisdiction under 28 U.S.C. § 1291,

we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

**BACKGROUND**

Jones owned B&B Drilling Co. (B&B), while Castellucci is the president and a shareholder of USA Exploration & Production, LLC (USA). In 2008, Jones sold B&B to USA. But USA failed to pay Jones as agreed, and in December 2012 Jones obtained a Wyoming judgment against B&B and USA for more than $3.6 million. Shortly thereafter, B&B filed a bankruptcy petition. A dispute arose over B&B's handling of certain revenue during the bankruptcy proceeding, and Jones objected when B&B moved to dismiss its petition. Also, during this time, Castellucci filed an action against Jones in California.

On February 25, 2013, Jones, Castellucci, USA, and B&B entered into a settlement agreement to resolve all of these disputes. Castellucci agreed to "arrange for payment to Jones of $1.5 million (the 'Settlement Amount')," which was to be paid on or before April 1, 2013. Aplt. App. at 15. Castellucci also agreed to dismiss the California lawsuit. In exchange, Jones agreed to assign his $3.6 million judgment to a third party to be designated by Castellucci and to withdraw his objection to the dismissal of B&B's bankruptcy proceeding.

Jones performed his obligations, and Castellucci dismissed the California action. But after Castellucci again failed to pay Jones as agreed, Jones sued Castellucci in Wyoming state court for breach of contract. Castellucci removed the action to federal court, where he argued he had signed the settlement agreement in his individual capacity only to dismiss the California lawsuit, not to pay the

2

Settlement Amount. Castellucci also filed a counterclaim seeking reformation of the agreement based on mutual mistake.

The district court granted summary judgment to Jones on both his contract claim and Castellucci's counterclaim and entered a $1.5 million judgment for Jones. Applying Wyoming law, the district court held the agreement clearly and unambiguously rendered Castellucci personally liable for paying the Settlement Amount and he breached that agreement by failing to pay Jones. It further held that Castellucci failed to present evidence that the agreement reflected a mutual mistake.

Castellucci filed a Fed. R. Civ. P. 59(e) motion, attaching his former attorney's affidavit regarding the settlement negotiations. The district court denied the motion, concluding the attorney's testimony was not new evidence justifying a Rule 59(e) motion. Further, based on the court's finding that the settlement agreement was clear and unambiguous, it found the affidavit was irrelevant extrinsic evidence.

Castellucci now appeals the grant of summary judgment and the denial of his Rule 59(e) motion.

## DISCUSSION

### I. Summary Judgment

We review the grant of summary judgment de novo, applying the same legal standard as the district court. *Digital Ally, Inc. v. Z3 Tech., LLC*, 754 F.3d 802, 810 (10th Cir. 2014). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

3

The parties do not challenge the district court's decision to apply Wyoming law. *See MediaNews Grp., Inc. v. McCarthey*, 494 F.3d 1254, 1260 (10th Cir. 2007) (holding that in diversity case, substantive law of forum state governs questions of existence and enforceability of contract). In Wyoming, "[t]he primary focus is on determining the intent of the parties to the contract. The initial question is whether the language of the contract is clear and unambiguous." *Herling v. Wyo. Mach. Co.*, 304 P.3d 951, 958 (Wyo. 2013) (internal quotation marks omitted).

> The words used in the contract are afforded the plain meaning that a reasonable person would give to them. When the provisions in the contract are clear and unambiguous, the court looks only to the "four corners" of the document in arriving at the intent of the parties. In the absence of any ambiguity, the contract will be enforced according to its terms because no construction is appropriate.

*Hopkins v. Bank of the West*, 311 P.3d 151, 156 (Wyo. 2013) (brackets and citations omitted) (quoting *Amoco Prod. Co. v. EM Nominee P'ship Co.*, 2 P.3d 534, 540 (Wyo. 2000)). "An ambiguous contract is one which either contains a double meaning or is obscure in its meaning because of indefiniteness of expression. A difference in interpretation alone, however, does not render a contract ambiguous." *Id.* at 155 (citation and internal quotation marks omitted).

Castellucci argues the district court erred in concluding that the entire settlement agreement clearly and unambiguously applied to him in his individual capacity. We disagree. As the district court pointed out, the agreement names Castellucci as a party, and he signed it both in his individual capacity and on behalf of B&B and USA. The agreement clearly states that "Castellucci shall arrange for

4

payment to Jones of $1.5 million (the 'Settlement Amount')," and that "Castellucci shall provide adequate proof of the existence and availability of the Settlement Amount sufficient to Jones no later than February 27, 2013." Aplt. App. at 15, 16. Further, the agreement gives Castellucci the ability to designate the recipient of Jones' assignment of his earlier Wyoming judgment. And contrary to Castellucci's argument, the agreement contains no language limiting Castellucci's participation in the settlement to the dismissal of the California lawsuit. As the district court concluded, while "the parties could have used more defined or definite language, this does not mean the language in the Settlement Agreement is ambiguous." *Id.* at 92. Although Castellucci contends the parties' intent and understanding are questions of fact, because the agreement was clear and unambiguous, the district court could interpret it as a matter of law and summary judgment was appropriate. *See Hopkins*, 311 P.3d at 155.

Castellucci also contends the district court erred in determining that no genuine issue of material fact remains regarding his claim of mutual mistake. Again, we disagree. Under Wyoming law, "[a] mutual mistake is one that is reciprocal and common to both parties in which each party is under the same misconception as to the terms of the written instrument. Like fraud, mutual mistake must be shown by clear and convincing evidence." *Lee v. LPP Mortg. Ltd.*, 74 P.3d 152, 158 (Wyo. 2003) (citation omitted). The district court appropriately granted summary judgment because Castellucci failed to present clear and convincing evidence that

5

*Jones* believed Castellucci was not personally liable for the Settlement Amount, which would be required to establish a *mutual* mistake.

## II.      Rule 59(e) Motion

We review the denial of a Rule 59(e) motion for abuse of discretion. *Monge v. RG Petro-Mach. (Grp.) Co. Ltd.*, 701 F.3d 598, 610 (10th Cir. 2012). "A district court abuses its discretion if it made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Id.* at 610-11 (internal quotation marks omitted).

Castellucci asserts that his former attorney's affidavit, attached to his Rule 59(e) motion, created genuine issues of material fact as to his personal liability. But we reject this argument for the same reasons as the district court. First, the information contained in the affidavit was not newly discovered evidence, but rather was known and available during the summary judgment proceedings. *See Monge*, 701 F.3d at 611 ("To support a Rule 59(e) motion with additional evidence . . . the moving party must show (1) that the evidence is newly discovered, or (2) if the evidence was available at the time summary judgment was granted, that counsel made a diligent yet unsuccessful attempt to discover the evidence." (internal quotation marks omitted)). Second, because the district court correctly found the settlement agreement to be clear and unambiguous, it appropriately refused to consider extrinsic evidence in determining the parties' intent. *See Hopkins*, 311 P.3d at 156.

6

### *Conclusion*

Castellucci's motion to waive oral argument is granted.  The judgment of the district court is affirmed.

Entered for the Court


Nancy L. Moritz
Circuit Judge